# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA LYNN RICHARDSON,<br><br>         Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 15-cv-1456-MMA-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 21] |

  Brian C. Shapiro, counsel for Plaintiff Kyla Lynn Richardson, moves for the award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,417.00 from Plaintiff's recovery of $81,668.00 in past-due social security benefits. *See* Doc. No. 21. Plaintiff has not responded to Counsel Shapiro's request, and the Social Security Administration Commissioner ("Commissioner") does not take a position on the reasonableness of the requested amount.[1] *See* Doc. No. 22. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motion for attorney's fees.

---

[1] "[T]he Commissioner of Social Security has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 811 (2002).

1

## BACKGROUND

On July 1, 2015, Plaintiff filed this social security appeal challenging the denial of her application for disability insurance benefits. *See* Doc. No. 1. The parties then filed cross-motions for summary judgment. *See* Doc. Nos. 11, 12. The assigned magistrate judge issued a Report recommending that the Court grant Plaintiff's motion for summary judgment, which the Commissioner filed objections to. *See* Doc. Nos. 14, 15. The Court adopted the magistrate judge's Report and Recommendation, granted Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and overruled the Commissioner's objections. *See* Doc. No. 17. The Court remanded the case for the calculation and award of benefits to Plaintiff. *See* Doc. No. 17.

The parties then jointly moved the Court for attorney's fees and expenses in the amount of $4,750.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *See* Doc. No. 19. The Court granted the joint motion. *See* Doc. No. 20. On remand, the Commissioner awarded Plaintiff $81,668.00 in retroactive social security benefits.

Now, pursuant to a contingency fee agreement between Plaintiff and her attorney, counsel requests the Court order the payment of attorney's fees in the amount of $20,417.00, and reimburse Plaintiff in the amount of $4,750.00 for EAJA fees previously paid by the Commissioner.

## LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

*Gisbrecht*, 535 U.S. at 807.[1]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id*. at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 533 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

In an agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing dated May 19, 2015, Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the Commissioner. *See* Doc. Nos. 21-1, 21-2. The parties entered into this agreement prior to filing this appeal, and there is nothing in the record to suggest the agreement was reached by improper means. Counsel for Plaintiff spent 26.5 hours on this case, resulting in this Court's order remanding the case for further administrative proceedings and ultimately a favorable decision on remand. Plaintiff received an award of $81,668.00 in retroactive benefits. Plaintiff's counsel seeks $20,417.00 in attorney's

---

[1] The lodestar calculation does not apply to determine reasonableness of fees under § 406(b). *Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contrast [with fees authorized pursuant to fee-shifting statutes], are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.") (internal citation omitted).

fees, which constitutes 25% of the past-due award of $81,668.00, and which is a proper amount under § 406(b)(1)(A).

The Court finds there is no proper basis to reduce the award, and it is reasonable. There is nothing in the record to suggest substandard performance, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake. As a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits. Finally, the effective hourly rate is approximately $770, which is within the range of rates awarded by some courts. *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *see*, *e.g.*, *Likens v. Colvin*, No. 11CV0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (effective hourly rate of $666.68 per hour); *Nash v. Colvin*, No. 12CV2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11CV1000-IEG (DHB), 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (effective hourly rate of $800 per hour). Thus, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $20,417.00 are reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $20,417.00. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $4,750.00 in EAJA fees that counsel previously accepted for work before this Court.

**IT IS SO ORDERED**.

Date: May 2, 2017

Hon. Michael M. Anello
United States District Judge